**COSTELLO & MAINS, LLC**
By: Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| STEVEN MURPHY, SR., | : | UNITED STATES DISTRICT COURT |
| --- | --- | --- |
| Plaintiff(s), | : | DISTRICT OF NEW JERSEY |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | **Electronically filed** |
| SPECTRUM ENERGY, INC., DAN EUBANK, STEVE MURTAGH and JOHN DOES 1-5 AND 6-10, | : | DOCKET NO: |
| Defendant(s). | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff Steven Murphy, Sr. ("Plaintiff"), by way of complaint against the defendants, says:

### Preliminary Statement

1. This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

### Jurisdiction and Venue

2. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

3. Because defendants are residents of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

## Identification of Parties

1. Plaintiff Steven Murphy, Sr. ("Plaintiff") resides at 1708 Cottman Avenue, Philadelphia, PA 19111. At all pertinent times herein, plaintiff was employed by defendants.

2. Defendant Spectrum Energy, Inc. ("SEI") is a corporation that sells and installs solar panels and equipment, maintaining corporate residence and a principal place of business at 3081 Route 73, Maple Shade, NJ 08052.

3. Defendant Dan Eubank is, upon information and belief, a resident of the State of New Jersey, an owner of SEI and an individual who acts directly or indirectly in the interest of SEI in relation to SEI's employees, including plaintiff. As such, Defendant Eubank is an employer within the meaning of the FLSA and NJWHL.

4. Defendant Steve Murtagh is, upon information and belief, a resident of the State of New Jersey, an owner of SEI and an individual who acts directly or indirectly in the interest of SEI in relation to SEI's employees, including plaintiff. As such, Defendant Murtagh is an employer within the meaning of the FLSA and NJWHL.

5. SEI is an employer within the meaning of 29 USC Sec. 203 and within the meaning of the NJWHL, having gross income in excess of $500,000 per year.

6. Plaintiff, in the course of his employment with SEI, routinely interacted with interstate commerce.

7. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

## General Allegations

8. Plaintiff was employed by defendants from on or about October 2015 through on or about May 16, 2016. Plaintiff's separation from employment is not an issue in this litigation.

9. Plaintiff was employed as a solar panel installer.

10. Throughout his employment, Plaintiff was paid on either a piece-rate or hourly basis. Plaintiff was paid piece rate for solar panel installations and was paid an hourly rate for other work performed for the employer, typically repair work performed when weather or other factors prevented him from performing solar panel installations.

11. In 2015, the piece rate paid was calculated by multiplying the kilowatt hours generated by the solar panels installed by $0.10. Starting in early 2016, the piece rate was changed to payment of approximately $14.50 per solar panel installed.

12. Throughout his employment, plaintiff's hourly rate for work performed other than at piece rate was $18.00 per hour.

13. Plaintiff regularly worked in excess of 40 hours per week.

14. Without time records that are in the possession, custody and control of defendant, plaintiff cannot plead with specificity the number of hours worked each week during the course of his employment.

15. However, plaintiff estimates that, on average, his typical work week would range between 540 and 80 hours.

16. Defendants failed to pay plaintiff overtime compensation for any hours worked in excess of 40 hours per week.

## COUNT I

### FLSA Violation

17. Plaintiff hereby repeats and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff, during the course of his employment, regularly worked more than forty hours in a work week.

19. Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

20. Defendants, by the above acts, have violated 29 U.S.C. Sec. 207.

21. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

    (f)  awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

    (g)  granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

  22.  Plaintiff hereby repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

  23.  Plaintiff, during the course of his employment, regularly worked more than forty hours in a work week.

  24.  Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

  25.  Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

  26.  Plaintiff has suffered monetary damages as a result of defendants' acts.

  **WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

    (a)  declaring that the acts and practices complained of herein are in violation of the NJWHL;

    (b)  directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

    (c)  awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

(d) granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, LLC**

By: /s/ Deborah L. Mains
　　Deborah L. Mains
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
dmains@costellomains.com

Attorneys for Plaintiff

Dated: June 16, 2017

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, LLC**

By: /s/ Deborah L. Mains
　　Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, P.C., is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: /s/ Deborah L. Mains
　　Deborah L. Mains

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: /s/ Deborah L. Mains
     Deborah L. Mains